Per Curiam.

If a technical application for relief as a pau per should be required, the provisions of the statute would be confined to such debtors as are never committed to prison, unless from spite or malice. The legislature intended that the statute should apply to any case in which the debtor should request relief, representing himself as poor, and no funds or security should be provided on the part of the creditor for his support. Whether such representation is true or not, is immaterial to the sheriff.
It is objected that no notice of the commitment or of the application for relief, was given to the creditor or his attorney. *223 The statute does not require notice, and we do not perceive that it is necessary for the preservation of the rights of the creditor. The release from prison does not deprive the creditor of his remedy against the debtor’s property ; and if he intends to keep the debtor in confinement, it is his duty to see that the requisite funds are provided for his support.[1]

Nonsuit made absolute.

 See Revised Stat. c. 90, § 113, 114 ; c. 97, § 50.